IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § § § § § § | CASE NO. 6:19-CR-00041-JCB-KNM |
| vs. | |
| **COREY MONTEZ ALLEN** | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On September 18, 2024, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony, Defendant Corey Montez Allen was sentenced on March 19, 2021, by United States District Judge J. Campbell Barker. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of IV, was 37 to 46 months. The Court sentenced Defendant to imprisonment for a term of 42 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse aftercare, mental health aftercare, acquiring a high school equivalency certificate, and a $100 special assessment. Defendant completed his term of imprisonment and started his term of supervised release on September 11, 2023.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on May 20, 2024, United States Probation Officer Alan Elmore alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant possessed a substance to intentionally falsify drug test results on April 26, 2024, during a urine specimen collection at the U.S. Probation Office in Houston, Texas, in violation of Texas Health and Safety Code Section 481.133, a Class B misdemeanor.

2. **Allegation 2 (mandatory condition 3): The defendant must refrain from unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted a urine specimen that tested positive for marijuana on January 31, 2024, and lab results confirmed the positive test. On the same date, it is alleged that Defendant admitted to using a benzodiazepine (Xanax) on January 30, 2024, that was not prescribed to him. On February 27, 2024, it is alleged that Defendant submitted a urine specimen that tested positive for marijuana. Defendant admitted to the drug use and lab results confirmed the positive test. On April 26, 2024, it is again alleged that Defendant submitted a urine specimen that tested positive marijuana and Defendant admitted to the drug use.

3. **Allegation 3 (special condition): The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant must pay any cost associated with treatment and testing.** It is alleged that Defendant failed to submit to random drug tests on January 3, 2024, and on February 2, 2024. It is also alleged that Defendant's possession of a substance intended to falsify drug test results on April 26, 2024, shows Defendant's failure to participate in substance abuse testing as required. Defendant allegedly admitted that he brought in someone else's urine in an effort to pass the drug test.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked

upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by attempting to falsify a drug test, using and possessing marijuana, and failing to participate in drug testing as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 6 to 12 months.

### *Hearing*

On September 18, 2024, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition and to jointly request a sentence of imprisonment for a term of 9 months followed by a 12-month term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Texarkana or FCI Seagoville.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true.  Defendant is guilty of a Grade C supervised release violation.  I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 9 months followed by a 12-month term of supervised release.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 9 months followed by a 12-month term of supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana or FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 9 months followed by a 12-month term of supervised release.

So ORDERED and SIGNED this 18th day of September, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE